UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| STEVEN JEAN-PIERRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-01586 (CRC) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

In this Freedom of Information Act action, federal inmate Steven Jean-Pierre, proceeding *pro se*, seeks various records from the Federal Bureau of Prisons ("BOP") concerning his prison diet program. Before the Court is Defendant BOP's Motion for Summary Judgment. Upon review of the motion, an affidavit from the BOP official who handled Jean-Pierre's request, and the opposition, the Court will grant summary judgment to BOP.

**I.  Background**

Jean-Pierre, a prisoner at the Federal Correctional Institution in Allenwood, Pennsylvania, submitted a Freedom of Information Act ("FOIA") request in July 2012 for the following information:

(1) Records reflecting the first date that BOP entered in his Central File that he was on Certified Religious Diet/Commonfare.
(2) Records reflecting BOP's policy for retaining inmate grievance records.
(3) The Inmate Handbook from Loretto Federal Correctional Institution ("FCI") from 2007–2009.

> (4) Records reflecting Chaplain Maryann Palko's methods for deciding to reinstate 17 inmates who were taken off Commonfare/Religious Diet at FCI Loretto, including dates of reinstatement.

BOP's Mot. Summ. J. Ex. 1, Decl. of Michelle Wirth ("Wirth Decl.") July 7, 2014 ¶ 3. According to the BOP paralegal specialist who handled this request, the request "was improperly closed" due to "an administrative error" in September 2012. Id. ¶ 5. Jean-Pierre submitted a new FOIA request in April 2013 seeking "the same documents that [he] attempted to get in 2012[.]" Jean-Pierre's Opp'n to BOP's Mot. Summ. J. at 4. Jean-Pierre subsequently filed this lawsuit in October 2013, which alerted BOP to its mistake in closing his initial request and prompted the agency to reopen the matter. Wirth Decl. ¶ 3.

After searching for the requested records, BOP sent Jean-Pierre a determination letter in May 2014, enclosing unredacted records reflecting the date that BOP entered into his Central File that he was on Certified Religious Diet/Commonfare for the first time and the BOP policy regarding the length of time it retains records related to inmate grievances. Id. Ex. C. The letter informed Jean-Pierre that no records could be found regarding the Loretto Inmate Handbook in use from 2007–2009. Id. ¶ 4. BOP explained that because handbooks are updated annually, as well as whenever a new warden assumes authority over a facility, and because new wardens are not bound by the precedent in prior handbooks, the agency does not archive earlier versions of these documents. Id. BOP also noted that it could not locate records regarding Chaplain Palko's methods for deciding to reinstate inmates to the Commonfare/Religious Diet at FCI Loretto. Id. In searching for the records, BOP learned that Palko had retired from BOP several years ago and that the current Religious Services staff at FCI Loretto were "unfamiliar with any 'method' that would have been used to reinstate inmates in the common-fare program." Id.

Jean-Pierre argues that his complaint in this action "was not filed based on his FOIA request of [2012], as stated in defendant's summary judgment motion," and thus BOP still must respond to his 2013 request. Jean-Pierre's Opp'n to BOP's Mot. Summ. J. ¶ 8. He alleges that BOP intentionally closed his 2012 request without providing the requested documents and therefore should not be granted summary judgment due to its bad faith. Id. ¶ 8–13. Jean-Pierre maintains that he is entitled to the relief enumerated in his complaint: a declaration that BOP's refusal to produce responsive records is unlawful; an order compelling them to provide the relevant documents; factual findings regarding whether BOP's actions are arbitrary and capricious under the Administrative Procedure Act; and reimbursement of the costs he has incurred to pursue this action. Compl. ¶ 9.

## II.     Legal Standard

"It is typically appropriate to resolve FOIA cases on summary judgment." Shapiro v. Dep't of Justice, 969 F. Supp. 2d 18, 26 (D.D.C. 2013), appeal dismissed, 13-5345, 2014 WL 1378748 (D.C. Cir. Feb. 26, 2014) (citing Brayton v. Office of the U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011)). The Court should grant summary judgment where the pleadings, stipulations, affidavits, and admissions in a case show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In the FOIA context, the government must demonstrate the absence of a genuine dispute regarding the adequacy of its search for or production of responsive records." Judicial Watch, Inc. v. Dep't of the Navy, 971 F. Supp. 2d 1 (D.D.C. 2013) (citing Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs., 849 F.Supp.2d 13, 21–22 (D.D.C. 2012)). "The agency must 'show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably

expected to produce the information requested.'" Negley v. FBI, 658 F. Supp. 2d 50, 57 (D.D.C. 2009) (quoting Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)).  Courts should afford an agency affidavit "substantial weight[] so long as it . . . is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith[.]"  Judicial Watch v. Dep't of Defense, 715 F.3d 937, 940–41 (D.C. Cir. 2013) (quotation omitted).  "Summary judgment may be granted on the basis of" such agency affidavits "if they contain reasonable specificity of detail rather than merely conclusory statements[.]"  Consumer Fed'n of Am. v. Dep't of Agric., 455 F.3d 283, 287 (D.C. Cir. 2006).  Government affidavits "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

Jean-Pierre contends that despite BOP's belated response to his July 2012 FOIA request, it still has not adequately responded to his April 2013 FOIA request.  Jean-Pierre's Opp'n to BOP's Mot. Summ. J. at 4.  Yet, Jean-Pierre acknowledges that the records he sought in April 2013 were "the same documents that [he] attempted to get in 2012 to no avail."  Id.  While Jean-Pierre's frustration with the delay and confusion is understandable, BOP has now provided all available documents responsive to both requests.  Although the Government's determination letter and its declaration refer only to the July 2012 request and do not explicitly mention the April 2013 request, Wirth Decl. ex. C; id. ¶ 3, the Court will construe the Government's materials as addressing both because Jean-Pierre concedes that the two requests sought the same records, Jean-Pierre's Opp'n to BOP's Mot. Summ. J. at 4.  To the extent that BOP could not locate the 2007–2009 FCI Loretto Inmate Handbook and documents related to Chaplain Palko's

4

decisionmaking methods, the declaration provided by the BOP paralegal who processed the requests shows that the agency "'made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'"  Negley, 658 F. Supp. 2d at 57 (quoting Oglesby, 920 F.2d at 68).  Under this circuit's binding precedent, the Court must afford this affidavit "substantial weight" since it "is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith[.]" Judicial Watch, 715 F.3d at 940–41.  Accordingly, because Jean-Pierre has provided no such contradictory evidence and BOP has now provided Jean-Pierre with all of the available records responsive to both of his requests, the Court will grant summary judgment to BOP.  Consumer Fed'n of Am., 455 F.3d at 287.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [ECF NO. 11] is **GRANTED**.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:   January 23, 2015